UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PRAIRIE ISLAND INDIAN COMMUNITY, | Case No. 20-CV-1234 (NEB/TNL) |
| Plaintiff/Counter-Defendant, | |
| v. | ORDER ON MOTION TO DISMISS COUNTERCLAIMS |
| RADISSON HOTELS INTERNATIONAL, INC., | |
| Defendant, | |
| and TREASURE ISLAND, LLC, | |
| Defendant/Counter-Claimant. | |

The Prairie Island Indian Community, a federally recognized Indian tribe, initially brought this trademark infringement action against Radisson Hotels International, Inc., and Treasure Island, LLC, alleging that a booking partnership Treasure Island formed with Radisson infringed its trademarks. After the Court dismissed some of the Community's claims, Treasure Island brought counterclaims, which the Community moved to dismiss. Because the Community enjoys sovereign immunity, the Court grants the motion.

BACKGROUND

The Court detailed the basic facts of this case in its previous order dismissing four of the Community's claims. (ECF No. 39 ("Prior Order") at 2–4.) After the Court

dismissed those claims, (Prior Order at 14), Radisson and Treasure Island filed a joint Answer, (ECF No. 43 at 1–33), and Treasure Island filed two counterclaims against the Community. (*Id.* at 34–46 ("Countercl.").) Because the Court dismisses those counterclaims based on sovereign immunity, the Court notes only a few relevant facts.

After extensive litigation over the rights to use the phrase "Treasure Island" in the gaming industry, the Community and Treasure Island reached a settlement in 2008, permitting Treasure Island to use that phrase in the hotel, casino, and resort industry. (Countercl. ¶¶ 11–14.) In 2019, Treasure Island and Radisson entered into a contract—referred to as a Booking Partnership—under which Radisson agreed to help manage room and guest services for Treasure Island. (Countercl. ¶¶ 20–24.) When it learned of the Booking Partnership, the Community asked both Radisson and Treasure Island about its scope. (*Id.* ¶¶ 30–31.) A dispute arose over the Booking Partnership and the Community filed this lawsuit, alleging that the Booking Partnership violated its trademark rights. (*Id.* ¶¶ 31–38; ECF No. 1.)

Treasure Island alleges that the Community has breached the 2008 settlement agreement by filing this lawsuit. (Countercl. ¶¶ 46–55.) Treasure Island also accuses the Community of breaching the implied covenant of good faith and fair dealing contained in the settlement agreement. (*Id.* ¶¶ 56–62.)

## ANALYSIS

### I. Legal Standard

Tribal sovereign immunity is a threshold jurisdictional question, so the Court considers it first. *Amerind Risk Mgmt. Corp. v. Malaterre*, 633 F.3d 680, 684 (8th Cir. 2011). If a party before the Court possesses sovereign immunity, the Court has no jurisdiction. *Rupp v. Omaha Indian Tribe*, 45 F.3d 1241, 1244 (8th Cir. 1995).

Motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure are either facial or factual. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). A facial challenge asserts that, even if the facts in the complaint are true, the Court has no jurisdiction. *Id.* In such cases, the Court gives the nonmoving party the same protections it would receive under a Rule 12(b)(6) motion, taking the facts alleged in the counterclaim as true and drawing all reasonable inferences in the non-moving party's favor. *Id.*; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009). In contrast, in a factual challenge, the Court looks beyond the pleadings and the non-moving party does not receive those protections. *Osborn*, 918 F.2d at 729 n.6.

Because the Community does not ask the Court to consider matters outside the pleadings, it makes a facial attack on the Court's jurisdiction.

### II. Sovereign Immunity

Indian tribes possess sovereign immunity. *Rupp*, 45 F.3d at 1244. A tribe may waive immunity, but the Court may not imply such a waiver—either Congress or a tribe

3

itself must "unequivocally express" such a waiver. *Id.*; *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998) ("As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity."). Treasure Island bears the burden to show that either Congress or the Community "has expressly and unequivocally waived tribal sovereign immunity." *Amerind Risk Mgmt.*, 633 F.3d at 685. Treasure Island argues only that the Community has waived immunity—it does not argue that Congress has abrogated immunity in this context. (ECF No. 52 at 8–9.)

Filing a lawsuit is not a waiver of immunity: "a tribe does not waive its sovereign immunity from actions that could not otherwise be brought against it merely because those actions were pleaded in a counterclaim to an action filed by the tribe."[1] *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509 (1991). "Supreme Court precedent couldn't be clearer on this point: a tribe's decision to go to court doesn't automatically open it up to counterclaims—even compulsory ones." *Ute Indian Tribe of the Uintah & Ouray Rsrv. v. Utah*, 790 F.3d 1000, 1011 (10th Cir. 2015) (Gorsuch, J.) (citing *Okla. Tax Comm'n*, 498 U.S. at 509–10). The Community has not waived its immunity and the Court therefore lacks jurisdiction.

---

[1] The Eighth Circuit recognizes a limited exception to this rule for claims asserted in recoupment—essentially, a defense in the form of a claim, seeking an offset against any damages the plaintiff Indian tribe might obtain. *Rosebud Sioux Tribe v. Val-U Constr. Co. of S.D., Inc.*, 50 F.3d 560, 562 (8th Cir. 1995) (citations omitted). Treasure Island does not argue that its counterclaims are for recoupment.

4

Recognizing the uphill battle presented by the *Oklahoma Tax Commission* precedent, Treasure Island cites *Rupp* to support its argument. But *Rupp* does not assist. *Rupp* arose from a lengthy dispute over ownership to pieces of land in Iowa over which the Omaha Indian Tribe took possession. 45 F.3d at 1242–43. The tribe filed a quiet title action and the prior landowners counterclaimed, seeking to quiet title in their favor. *Id.* at 1243. The Eighth Circuit held that "the Tribe's act of filing suit to quiet title in the disputed lands, combined with explicit language found in its complaint and its explicit waiver of immunity with respect to the counterclaims during the pendency of its suit" were "an express and unequivocal waiver" of its immunity. *Id.* at 1244. But the *Rupp* court noted explicitly that the fact of filing the lawsuit did not open the tribe up to counterclaims. The tribe had not simply filed a quiet title action—instead, it had "affirmatively requested the district court to order the defendants to assert any claims in the disputed lands." *Id.* The tribe's "affirmative request" to the defendants to assert their claims (and the court to resolve them) satisfied the strict requirements for waiver of immunity.[2] The Community has made no such affirmative request.

---

[2] Another way to satisfy waiver is through contract. If a tribe has, by contract, agreed on a specific method of dispute resolution (arbitration, for example), and the contract includes "rules that explicitly provide for judicial enforcement" of that process, such a clear manifestation of intent amounts to a waiver of immunity "with respect to any disputes under the contract." *Rosebud Sioux Tribe*, 50 F.3d at 563. The parties have not directed the Court to any portion of the settlement agreement that includes such an agreement.

Treasure Island next argues that the Court should not dismiss its claims because they "seek the inverse" of the relief the Community seeks. (ECF No. 52 at 9.) This argument is unavailing for two reasons.

First, Treasure Island's claims are not the inverse of the Community's. The Community claims that the Booking Partnership permits Radisson to use its trademarks without its permission. (*See generally* ECF No. 1.) The general thrust of these claims is that Treasure Island has sublicensed those marks to Radisson in violation of the settlement agreement—and these claims go well beyond simple violation of the settlement agreement to violations of state and federal trademark law. (*See generally id.*) On the other hand, Treasure Island's counterclaims allege that the Community is interfering with its relationship with Radisson. (Countercl. ¶¶ 51–52.) Treasure Island seeks relief from the Court well beyond a simple declaration that it has not breached the settlement agreement and has not violated the Community's trademark rights. (*Id.* at 45 (seeking damages for the Community's alleged breach of contract and breach of the implied covenant.)

Second, even if Treasure Island sought the inverse of the Community's claims, it is not clear that the Court would have jurisdiction to consider them. Treasure Island once again cites *Rupp*, but *Rupp* is again unavailing. *Rupp* said that "by initiating this lawsuit, the Tribe necessarily consents to the court's jurisdiction to determine the claims brought adversely to it," 45 F.3d at 1245 (quotation omitted), and that "[b]y requesting equitable relief, the Tribe consented to the district court exercising its equitable discretion." *Id.* But

6

in *Rupp*, "the Tribe affirmatively requested the district court to resolve the ownership of the disputed land by asking the defendants to assert any right, title, interest or estate they may have in the disputed lands." *Id.* There is no such request here and Treasure Island has identified no case law that says that the mere request for equitable relief, or for the Court to use its equitable powers, means a waiver of immunity.

Treasure Island would have the Court adopt a categorical rule that anytime an Indian tribe files a lawsuit, it waives immunity for counterclaims. Precedent squarely forecloses this rule. *Okla. Tax. Comm'n*, 498 U.S. at 509; *Rupp*, 45 F.3d at 1244. And other cases Treasure Island cites do not alter this conclusion. For example, in *Rosebud Sioux Tribe*, the court held that the tribe had waived immunity for contract disputes when the contract included a detailed arbitration provision. 50 F.3d at 563. The settlement agreement has no such arbitration provision. In *Bodi v. Shingle Springs Band of Miwok Indians*, although the court observed that a tribe may consent to a court's jurisdiction to determine the claims the tribe brings, it immediately clarified that by "consenting to the court's jurisdiction to determine its own claims, however, a tribe does not automatically waive its immunity as to claims that could be asserted against it." 832 F.3d 1011, 1017 (9th Cir. 2016). And as for *Jicarilla Apache Tribe v. Andrus*, the court discussed the lessening of immunity by filing suit in the recoupment context, which Treasure Island concedes its claims are not. 687 F.2d 1324, 1344–45 (10th Cir. 1982). *Jicarilla Apache Tribe* also predates *Oklahoma Tax Commission* and is out-of-circuit.

7

The Community has not waived immunity and the Court therefore lacks jurisdiction over Treasure Island's counterclaims.[3]

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Prairie Island Indian Community's Motion to Dismiss Treasure Island, LLC's Counterclaims (ECF No. 45) is GRANTED; and

2. Treasure Island, LLC's Counterclaims (ECF No. 43) are DISMISSED WITH PREJUDICE.

Dated: June 7, 2021                                             BY THE COURT:

                                                                              s/Nancy E. Brasel
                                                                              Nancy E. Brasel
                                                                              United States District Judge

---

[3] Because the Court lacks jurisdiction over Treasure Island's counterclaims, it does not consider the merits of the Community's motion to dismiss.